FILED
6/4/2021 5:06 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Roxanne Mujica

NO.**2021CI11263**_____

| | | |
|---|---|---|
| **JULIE HOEHING** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | Bexar County - 407th District Court _____JUDICIAL DISTRICT |
| | § | |
| **BRINKER INTERNATIONAL, INC.** | § | |
| **D/B/A CHILI'S GRILL & BAR, and** | § | |
| **AMERICAN ASSETS TRUST, INC.** | § | |
| **Defendants** | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION and REQUEST FOR INITIAL DISCLOSURES

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes, **JULIE HOEHING**, hereinafter called "Plaintiff Hoehing," and files this, her *Original Petition*, complaining of and about **BRINKER INTERNATIONAL, INC. D/B/A CHILI'S GRILL & BAR**, hereinafter referred to as "Defendant Brinker International," and **AMERICAN ASSETS TRUST, INC.**, hereinafter referred to as "Defendant American Assets," and for her cause of action would respectfully show the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN LEVEL

1.1     Plaintiff intends that discovery be conducted under Discovery Level 3.

### II. PARTIES AND SERVICE

2.1     Defendant, **BRINKER INTERNATIONAL, INC. D/B/A CHILI'S GRILL & BAR** is a foreign for-profit corporation, having its principal place of business in Dallas, Texas and doing business within the state of Texas. Service of process may be effected pursuant to sections 5.201 and 5.255 of the TEXAS BUSINESS ORGANIZATIONS CODE, by serving the registered agent of the corporation, PRENTICE HALL CORPORATION SYSTEM at the following address: 211 E. 7th Street, Suite 620, Austin, Texas 78701 or wherever they may be found. Pursuant to Rule

**EXHIBIT C**

Copy from re:SearchTX

28 of the Texas Rules of Civil Procedure, Plaintiff hereby gives Defendant **BRINKER INTERNATIONAL, INC. D/B/A CHILI'S GRILL & BAR** notice that it is being sued in all of its business or common names regardless of whether such businesses are partnerships, unincorporated associations, limited liability companies, individuals, entities, and or private corporations. Service of said Defendant as described above can be effected by personal delivery. **Citation is hereby requested.**

       2.2     Defendant, **AMERICAN ASSETS TRUST, INC.** is a foreign for-profit corporation doing business within the state of Texas. Service of process may be effected pursuant to sections 5.201 and 5.255 of the TEXAS BUSINESS ORGANIZATIONS CODE, by serving the registered agent of the corporation, at the following address: 3420 Carmel Mountain Rd, Suite 100, San Diego, CA 92121 or wherever they may be found. Pursuant to Rule 28 of the Texas Rules of Civil Procedure, Plaintiff hereby gives Defendant **AMERICAN ASSETS TRUST, INC.** notice that it is being sued in all of its business or common names regardless of whether such businesses are partnerships, unincorporated associations, limited liability companies, individuals, entities, and or private corporations. Service of said Defendant as described above can be effected by personal delivery. **Citation is hereby requested.**

Copy from re:SearchTX

**EXHIBIT C**

## III. JURISDICTION AND VENUE

3.1     The subject matter in controversy is within the jurisdictional limits of this Court. Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's injuries and damages, at a time when the full nature and scope of Plaintiff's injuries and damages have been more fully explored and explained. However, Rule 47(c) of the TEXAS RULES OF CIVIL PROCEDURE prematurely requires that a statement be made by Plaintiff at this time, in order to place Plaintiff's lawsuit within one of the categories pre-determined by said Rule. Therefore, only to comply with the requirements of Rule 47(c), Plaintiff states monetary relief of over $250,000.00 but not more than $1,000,000.00, in an amount to be determined solely by the jury, is being sought. Plaintiff reserves the right to request from the jury such amount as it determines to be fair and reasonable under the circumstances in this case at the time of trial.

3.2     The court has jurisdiction over the parties because Defendant Brinker International and Defendant American Assets are corporations which regularly conduct business in the state of Texas. Further, Defendant Brinker International is a company with their principal place of business in Texas.

3.3     Venue in Bexar County is proper in this cause under Section 15.002(a)(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Bexar County.

**EXHIBIT C**

Copy from re:SearchTX

## IV. <u>FACTS OF THE INCIDENT</u>

4.1     This lawsuit arises from an incident which occurred in San Antonio, Texas on or about June 17, 2019 at the property and business known as "Chili's Grill & Bar" located at 255 E. Basse Road, Suite 1100. At the time of the incident Plaintiff Hoehing and her family were having dinner at the restaurant. As Plaintiff Hoiehing was walking to the restroom, Plaintiff slipped and fell on a wet tile floor, injuring her back, left shoulder and right ankle. Unbeknownst to Plaintiff, the carpet runner for the floor was not put back in its proper place after the floor had been cleaned thereby causing Plaintiff to slip and fall.

4.2     The incident, and injuries and other damages suffered by Plaintiff was the direct result of the negligence of Defendant Brinker International. At all times material and relevant to this action, the property of the restaurant was owned and/or operated by Defendant American Assets. As a result of the incident, Plaintiff sustained painful bodily injuries and serious damages as set forth below.

## V. <u>PLAINTIFF'S CAUSES OF ACTION AGAINST DEFENDANT BRINKER INTERNATIONAL</u>

5.1     Premises Liability/Negligence:        At the time in question, Plaintiff entered the premises in question as a guest of Defendant Brinker International, and was thus a "business invitee" to whom Defendant owed a duty to exercise ordinary care, including the duty to discover any unreasonably dangerous conditions existing on the premises, the duty to warn Plaintiff of the existence of such dangerous conditions, and the duty to make the premises safe for use by Plaintiff. At the time in question, Defendant either knew, or in the exercise of ordinary care, should have known, that the wet, damp and slippery floor and missing or misplaced carpet runner on the floor created a dangerous condition which could result in an invitee slipping and/or falling, and that the

**EXHIBIT C**

Copy from re:SearchTX

condition posed an unreasonable danger to users of the facility.

5.2     Defendant Brinker International had a duty to exercise ordinary care to discover this dangerous condition of the premises, and to make the premises safe for reasonable use by Plaintiff and other business invitees of Defendant's facility. Instead, Defendant ignored this foreseeable and preventable hazard, failed to take reasonable steps to discover and correct the hazard, and failed to warn Plaintiff of the existence of this hazardous condition of the premises although the dangerous condition had existed on the premises for such a period of time that it should have been discovered and corrected by Defendant.  Such indifference and failure to act on the part of Defendant herein proximately caused the injuries and other damages suffered by Plaintiff, as further detailed below.  In addition, at all times material and relevant to this action, Defendant's employees were acting within the course and scopre of their duties and employment with Defendant.   Thus, Defendant is vicariously liable for the negligent conduct of its employees/servants under the common law doctrine of *respondeat superior*.

## VI. <u>PLAINTIFF'S CAUSES OF ACTION AGAINST DEFENDANT AMERICAN ASSETS</u>

6.1     At the time in question, Plaintiff entered the premises in question as a guest of a property managed and/or owned by Defendant American Assets, and was thus a "business invitee" to whom Defendant owed a duty to exercise ordinary care, including the duty to discover any unreasonably dangerous conditions existing on the premises, the duty to warn Plaintiff of the existence of such dangerous conditions, and the duty to make the premises safe for use by Plaintiff. At the time in question, Defendant either knew, or in the exercise of ordinary care, should have known, that the wet floor was a dangerous condition which could result in an invitee slipping and/or falling, and that the condition posed an unreasonable danger to users of the facility.

Copy from re:SearchTX

**EXHIBIT C**

Defendant American Assets had a duty to exercise ordinary care to discover this dangerous condition of the premises, and to make the premises safe for reasonable use by Plaintiff and other business invitees of Defendant's facility.

6.2     Instead, Defendant ignored this foreseeable and preventable hazard, failed to take reasonable steps to discover and correct the hazard, and failed to warn Plaintiff of the existence of this hazardous condition of the premises although the dangerous condition had existed on the premises for such a period of time that it should have been discovered and corrected by Defendant. Such indifference and failure to act on the part of Defendant herein proximately caused the injuries and other damages suffered by Plaintiff, as further detailed below.  In addition, at all times material and relevant to this action, Defendant's employees were acting within the course and scope of their duties and employment with Defendant.  Thus, Defendant is vicariously liable for the negligent conduct of its employees/servants under the common law doctrine of *respondeat superior*.

6.3.     Plaintiff alleges that Defendant Brinker International and Defendant American Assets were the entity, that through their agents, servants, and employees, were responsible for the proper inspection, operation and maintenance of the work premises. As such, Defendants are liable for the acts of their agents, servants, representatives and employees under the doctrine of <u>Respondeat Superior.</u> Plaintiff alleges that Defendants were guilty of negligence, and violated several non-delegable duties to the Plaintiff, including but not limited to the following respects and particulars, to wit:

1.     In failing to make reasonable inspections of the premises to discover and remedy safety hazards such as the dangerous condition that existed at the time;

2.     In creating and allowing to exist a dangerous condition that created an unreasonable risk resulting in physical harm to individuals such as the Plaintiff; and

3.     In failing to warn Plaintiff of the dangerous condition that existed at the time of the

**EXHIBIT C**

Copy from re:SearchTX

incident.

6.4    Plaintiff alleges that each and every, all and singular, of the aforesaid acts and/or omissions on the part of the Defendants constituted negligence which was and is a direct and proximate cause of the injuries and damages sustained by Plaintiff.

6.5    Plaintiff would show that as a direct result of the negligence of the Defendants, their agents, servants, and/or employees, she was caused to suffer serious and permanent personal injury to her body generally.

## VII. <u>DAMAGES FOR PLAINTIFF JULIE HOEHING</u>

7.1.    As a direct and proximate result of the occurrence made the basis of this lawsuit and the aforesaid negligence of Defendants, Plaintiff has incurred the following damages:

1.    Reasonable and necessary medical expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services;

2.    Reasonable and necessary medical expenses which, in all reasonable probability, will be incurred in the future;

3.    Physical pain suffered in the past;

4.    Physical pain which, in all reasonable probability, will be suffered in the future;

5.    Mental anguish suffered in the past;

6.    Mental anguish which, in all reasonable probability, will be suffered in the future;

7.    Physical impairment in the past;

8.    Physical impairment which, in all reasonable probability, will be suffered in the future;

9.    Disfigurement in the past;

10.    Disfigurement which, in all reasonable probability, will be suffered in the future;

**EXHIBIT C**

Copy from re:SearchTX

11.     Loss of earnings and earning capacity in the past; and

12.     Loss of earning and earning capacity which, in all reasonable probability, will be suffered in the future

## VIII. REQUEST FOR DISCLOSURE TO DEFENDANT

8.1.     Pursuant to Rules 194 and 195 of the TEXAS RULES OF CIVIL PROCEDURE, all parties named herein are to disclose, within thirty (30) days following the first Answer or general appearance of Defendant, the information and material described in the TEXAS RULES OF CIVIL PROCEDURE 194.2 and 195.

## IX. NOTICE OF RULE 193.7

9.1.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice of intent to utilize all documents and tangible items produced by an party through discovery, together with all deposition exhibits and documents obtained by written questions, in any pre-trial proceeding and/or trial.

## X. JURY DEMAND

10.1    Plaintiff demands a trial by jury of all issues herein.

## XI. PRAYER

11.1    Because of all of the above and foregoing, Plaintiff has been damaged, and will be damaged, in the sum within the jurisdictional limits of this Court. Such monetary relief is to be in an amount deemed to be just and fair by a jury of Plaintiff's peers and is to be over $250,000.00 but not more than $1,000,000.00.

11.2    WHEREFORE, PREMISES CONSIDERED, Plaintiff JULIE HOEHING, request that the Defendants BRINKER INTERNATIONAL, INC. D/B/A CHILI'S GRILL & BAR and

**EXHIBIT C**

Copy from re:SearchTX

AMERICAN ASSETS TRUST, INC. be cited to appear and answer herein, and that on final hearing

of this Cause, judgment be entered for Plaintiff  against Defendants, jointly and severally, for

monetary relief sought herein; together with pre-judgment interest at the maximum rate allowed

by law, post-judgment interest at the legal rate, costs of court, and any such other and further relief

to which Plaintiff may be justly entitled, at law or in equity.

Respectfully submitted jointly by,

RAUL B. RODRIGUEZ LAW, P.C.
111 Arciniega Street
San Antonio, Texas  78205
(210) 899-0300; Telephone
(210) 899-0500; Facsimile

BY: */s/ Raul B. Rodriguez*
RAUL B. RODRIGUEZ
State Bar No. 24049475
Raul@rodriguezlawtx.com
ATTORNEY FOR PLAINTIFF
JULIE HOEHING

PLAINTIFF RESPECTFULLY REQUESTS A JURY TRIAL.

**EXHIBIT C**

Copy from re:SearchTX

NO._____

| | | |
|---|---|---|
| **JULIE HOEHING** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **_____JUDICIAL DISTRICT** |
| | § | |
| **BRINKER INTERNATIONAL, INC.** | § | |
| **D/B/A CHILI'S GRILL & BAR, and** | § | |
| **AMERICAN ASSETS TRUST, INC.** | § | |
| **Defendants** | § | **BEXAR COUNTY, TEXAS** |

<u>**PLAINTIFF'S DEMAND FOR JURY TRIAL**</u>

Now comes Plaintiff JULIE HOEHING in the above styled and numbered cause and files this demand for jury trial.

Respectfully submitted by,

RAUL B. RODRIGUEZ LAW, P.C.
111 Arciniega Street
San Antonio, Texas  78205
(210) 899-0300; Telephone
(210) 899-0500; Facsimile


BY: */s/ Raul B. Rodriguez*_____
RAUL B. RODRIGUEZ
State Bar No. 24049475
Raul@rodriguezlawtx.com
ATTORNEY FOR PLAINTIFF
JULIE HOEHING

<span style="color:red">**EXHIBIT C**</span>