IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIE HOEHING,<br>*Plaintiff*, | § § § | |
| VS. | § § | CIVIL ACTION NO. 5:21-cv-696 |
| BRINKER INTERNATIONAL, INC.<br>D/B/A CHILI'S GRILL & BAR, AND<br>AMERICAN ASSETS TRUST, INC.,<br>*Defendant*. | § § § § § § | |

## DEFENDANT AMERICAN ASSETS TRUST, INC.'S ANSWER
## TO PLAINTIFF'S ORIGINAL PETITION

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant American Assets Trust Inc. ("**American**") answers the Original Petition of Plaintiff Julie Hoehing ("**Plaintiff**"). If an averment is not specifically admitted, it is hereby denied.

### I.   DISCOVERY

1.   Answering Paragraph 1.1, American lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein.

### II.   PARTIES

2.   Answering paragraph 2.1, American re-alleges and incorporates by reference its answers to Paragraphs 1 through 2 as if fully set forth herein.

3.   Answering Paragraph 2.2, American admits the allegations contained therein.

### III.   JURISDICTION AND VENUE

4.   Answering Paragraph 3.1, American re-alleges and incorporates by reference its answers to Paragraphs 1 through 3 as if fully set forth herein.

5.   Answering Paragraph 3.2, American admits the allegations contained therein.

6.   Answering Paragraph 3.3, American admits the allegations contained therein.

## IV.  FACTUAL ALLEGATIONS

7. Answering Paragraph 4.1, American re-alleges and incorporates by reference its answers to Paragraphs 1 through 6 as if fully set forth herein. American lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein.

8. Responding to the allegations of Paragraph 4.2 of the complaint and with the exception of the denial provided below, American lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations regarding allegations contained therein.

- American denies the restaurant is owned by American Assets Trust, Inc. The property is owned by a subsidiary of American Assets Trust Inc.

## V.  NEGLIGENCE ALLEGATIONS

9. Answering Paragraph 5.1, American re-alleges and incorporates by reference its answers to Paragraphs 1 through 8 as if fully set forth herein. American lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations regarding allegations contained therein.

10. Answering Paragraph 5.2, American re-alleges and incorporates by reference its answers to Paragraphs 1 through 8 as if fully set forth herein. American lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations regarding allegations contained therein.

## VI.  ALLEGATIONS AGAINST AMERICAN ASSETS TRUSTS, INC.

11. Answering Paragraph 6.1, American re-alleges and incorporates by reference its answers to Paragraphs 1 through 10 as if fully set forth herein. American denies each allegation and statement alleged therein.

12. Answering Paragraph 6.2, American denies being the each allegation and statement alleged therein.

13. Answering Paragraph 6.3, American denies being the each allegation and statement alleged therein.

14. Answering Paragraph 6.4, American denies being the each allegation and statement alleged therein.

15. Answering Paragraph 6.5, American denies being the each allegation and statement alleged therein.

## VII.   Damages.

16. Answering Paragraph 7.1, American re-alleges and incorporates by reference its answers to Paragraphs 1 through 15 as if fully set forth herein.  American lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations regarding allegations contained therein.

## AFFIRMATIVE DEFENSES

17. American pleads the following separate defenses.  American reserves the right to assert additional affirmative defenses that discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSE
### (Intervening and Superseding Cause)

1. As a separate the first affirmative defense, American alleges that if Plaintiff suffered or sustained any loss, damage or injury as alleged in her Original Petition, such loss, damage or injury was legally caused or contributed to by the negligent, wrongful, or criminal conduct of other parties, persons or entities, and that their conduct was an intervening and superseding cause of the loss, damage, or injury of which Plaintiff complains.

## TWO AFFIRMATIVE DEFENSE
### (Comparative Fault)

2. As a separate and two affirmative defense, American alleges that Plaintiff's damages, if any, were caused by the primary negligence and/or acquiescence in the acts and omissions alleged by Plaintiff, and her agents, employees, representatives, assigns, attorneys,

and/or any others acting on Plaintiff's behalf. By reason thereof, Plaintiff is not entitled to damages or any other relief whatsoever as against American.

### THIRD AFFIRMATIVE DEFENSE
**(Apportionment of Fault)**

3. As a separate and third affirmative defense, American alleges that Plaintiff's damages, if any, were caused by the negligence and/or acts or omissions of parties other than American, whether or not parties to this action. By reason thereof, Plaintiff's damages, if any, as against American, must be reduced by the proportion of fault attributable to such other parties, and to the extent necessary, American may be entitled to partial indemnity from others on a comparative fault basis.

### FOURTH AFFIRMATIVE DEFENSE
**(Conditions of Recovery)**

4. As a separate and fourth affirmative defense, American alleges that Plaintiff has failed to meet the conditions of recovery under the Montreal Convention. As such, Plaintiff's Original Petition, and the causes of action contained therein, is barred in whole or in part.

### FIFTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate)**

5. As a separate and fifth affirmative defense, American alleges that Plaintiff failed to mitigate his own damages, if any, and any damages awarded should be reduced by the amount Plaintiff could have avoided. Plaintiff failed to mitigate his damages to the extent Plaintiff and/or his attorneys paid or agreed to pay the full charges for excessive, unreasonable, or unnecessary medical expenses incurred by Plaintiff through a "Letter of Protection" and/or a contractual agreement tied to the outcome of this suit. Such charges were rendered in an effort to enhance the recovery of medical and healthcare expenses under Texas Civil Practice and Remedies Code Section 41.0105. To the extent Plaintiff failed to take reasonable steps to ensure the medical

charges did not exceed the average billings identified by the State of Texas, Medicare, and Medicaid, Plaintiff failed to mitigate his damages.

### SIXTH AFFIRMATIVE DEFENSE
(*Respondeat Superior*)

6. As a separate and sixth affirmative defense, American at no time or place set forth in Plaintiff's Petition did any person alleged to be at fault operate as the agent or employee of Defendant, such that Defendant cannot be held vicariously liable for the acts of any such person. Should any other defendant or third party be determined to have any affiliation with Defendant, then such other defendant or third party was independently responsible for their own means and methods. For these reasons, the doctrines of *respondeat superior* and agency are inapplicable and Defendant has no vicarious liability for any alleged act or omission made the basis of this suit.

### SEVENTH AFFIRMATIVE DEFENSE
(Limitation on Healthcare Expenses)

7. As a separate and seventh affirmative defense, American alleges that Plaintiff is further limited in their recovery of medical or health care expenses, if any, to the amount actually paid or incurred by or on the Plaintiff's behalf. TEX. CIV. PRAC. & REM. CODE §41.0105.

### EIGHTH AFFIRMATIVE DEFENSE
(Ongoing Investigation)

8. As a separate and eighth affirmative defense, American alleges that it has not yet completed a thorough investigation or study or completed the discovery of all the facts and circumstances of the subject matter of the Original Petition and, accordingly, reserves the right to amend, modify, revise or supplement its answer and to plead such other defenses and take such other further actions as it may deem proper and necessary in its defense upon completion of said investigation.

### PRAYER

**WHEREFORE**, American prays for relief as follows:

1.  That Plaintiff's Original Petition be dismissed, with prejudice and in its entirety;

2.  That Plaintiff take nothing by reason of her Original Petition and that judgment be entered against Plaintiff and in favor of American;

3.  That American be awarded its costs incurred in defending this action;

4.  That American be granted such other and further relief as the Court may deem just and proper.

Dated: August 25, 2021

Respectfully submitted,

**MANNING & KASS**
**ELLROD RAMIREZ TRESTER, LLP**

By: */s/ David R. Reeder*

**David R. Reeder**
State Bar No. 24106728
drr@manningllp.com
**Samantha Rokkett**
State Bar No. 24039024
ssr@manningllp.com
901 Main Street, Suite 6530
Dallas, Texas 75202
Tel: (214) 953-7646
Fax: (214) 953-7689
*Attorneys for Defendant American Assets Trust, Inc.*